**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                CASE NO: 8:16-cr-502-T-30TBM

PRISCILLA ANN ELLIS

## ORDER

THIS CAUSE comes before the Court upon the Motion of Priscilla Ann Ellis to Dismiss the Superseding Indictment adding an additional charge. The Court has reviewed the Motion (Dkt. #42) and the Government's Response (Dkt. #45) and concludes that the Motion should be denied.

Ellis was recently convicted for conspiracy to commit wire fraud and money laundering. Following her conviction, and while housed in the Pinellas County jail, Ellis allegedly attempted to arrange for the murder of two individuals. Purportedly, these murders were to be paid for through a fraudulent check scheme similar to the one for which she had been convicted.

On October 31, 2016, Ellis was charged in a complaint with retaliating against a witness pursuant to 18 U.S.C. §1513(a)(1)(A). On November 22, 2016, Ellis was indicted for two counts of retaliating against a witness pursuant to 18 U.S.C. §1513(a)(1)(A) and two counts of using interstate commerce facilities in the attempted commission of murder-for-hire pursuant to 18 U.S.C. §1958(a). Thereafter, on January 17, 2017, the Government

filed a Superseding Indictment that realleged the four original charges and added an additional charge concerning the counterfeit check scheme pursuant to 18 U.S.C. §371.

In her Motion, Ellis asserts that the allegations underlying the new fraudulent check charge were essentially the same regarding the counterfeit check scheme described in the Complaint. Ellis further asserts that all of the acts set forth in the new conspiracy charge were known to the Government at the time it filed the original Complaint and Indictment in this case.

Ellis now moves to dismiss the Superseding Indictment arguing:

> Because the complaint alleged the very acts that now make-up the conspiracy charge set forth in the superseding indictment, and because the Government was fully aware of all of the facts needed to bring the conspiracy charge at the time it obtained the original indictment, the filing of the superseding indictment more than 30 days after Ms. Ellis' arrest on the complaint violates the Speedy Trial Act.

Defendant's Motion (Dkt. #42, paragraph 6.)

Defendant's argument fails because the Speedy Trial Act, 18 U.S.C. §3161, does not require that an arrested individual be indicted for every crime known to the Government within the thirty (30) day period following the arrest. The Government need only bring an indictment for the charges specified in the original Complaint. If the Government has knowledge of other criminal acts not identified in the Complaint, it may add those charges by a Superseding Indictment. *United States v. Mosquera*, 95 F. 3d 1012 (11th Cir. 1996).

Here, the original Complaint identified criminal acts under 18 U.S.C. 1513(a)(1)(A) and 18 U.S.C. §1958(a). Since the Superseding Indictment added a new charge under 18 U.S.C. §371, it does not run afoul of the Speedy Trial Act.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss the Superseding Indictment (Dkt. #42) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of February, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record